NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THERESA GARNER,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1398

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00795-PSH, Judge Philip S. Hadji.

---

Decided: December 9, 2025

---

THERESA GARNER, Detroit, MI, pro se.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before DYK, REYNA, and CHEN, *Circuit Judges*.

PER CURIAM.

Theresa Garner appeals the decision of the Court of Federal Claims ("Claims Court") dismissing her complaint. For the following reasons, we *affirm*.

## BACKGROUND

Ms. Garner is a former federal employee who, at various times, worked for the Department of Commerce ("Commerce"), the Department of Labor ("Labor"), and the Department of Defense ("Defense"). For a period of time, she worked as a dual appointee at both Commerce and Labor. In litigation settlement agreements with Commerce and Labor, Ms. Garner agreed to drop certain employment-related claims and voluntarily resign in exchange for a settlement payment and promises that the agencies would provide neutral references and, in the case of the Labor agreement, that Labor would make certain corrections to her personnel files. She later worked for Defense before being granted disability retirement in the form of an annuity.

In this case, Ms. Garner's amended complaint alleged four enumerated counts related to her retirement benefits and additional claims generally related to the settlement agreements. The government moved to dismiss. The government argued that the Claims Court lacked jurisdiction over the four enumerated counts in the amended complaint and that Ms. Garner had failed to state a claim as to the settlement contract claims. The Claims Court granted the motion and entered judgment accordingly. Ms. Garner appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Ms. Garner argues that the Claims Court erred in granting the government's motion to dismiss. We review de novo the Claims Court's grant of a motion to dismiss. *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir.

2023); *Turping v. United States*, 913 F.3d 1060, 1064 (Fed. Cir. 2019).

## I.    THE ENUMERATED COUNTS

Ms. Garner argues that the Claims Court erred in dismissing her enumerated counts for lack of subject matter jurisdiction. In Count 1, Ms. Garner alleged that her annuity was improperly calculated based on an incorrect date of her last paycheck, resulting in $7,054.58 in damages. In Count 2, she alleged that her annuity was improperly calculated based on a failure to properly credit her work history as a dual appointee at Commerce and Labor, resulting in $88,146.80 in damages. In Count 3, she alleged that health benefits were deducted from her paycheck, but that she did not receive health benefits coverage, resulting in damages of $5,897.88. And in Count 4, she alleged that the government failed to provide disability compensation for a hip fracture she sustained while working, resulting in damages of $292,345.34.

Counts 1 and 2 are both directed to the calculation of Ms. Garner's retirement annuity. The Claims Court correctly concluded that it lacked jurisdiction over Counts 1 and 2. The Office of Personnel Management ("OPM") has exclusive authority to "adjudicate all claims" related to the Federal Employee Retirement System, such as claims regarding an improper calculation of annuity. 5 U.S.C. § 8461(c). Decisions of OPM may only be appealed to the Merit Systems Protection Board (the "Board"). 5 U.S.C. §§ 8347(d), 8461(d). We have consistently held that OPM's authority and the Board's corresponding appellate authority are exclusive and the Claims Court lacks jurisdiction over such claims. *See El v. United States*, 730 F. App'x 928, 929 (Fed. Cir. 2018) (citing *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 773–75 (1985)); *Stekelman v. United States*, 752 F. App'x 1008, 1010–11 (Fed. Cir. 2018); *see also Pueschel v. United States*, 297 F.3d 1371, 1378 (Fed. Cir. 2002) ("[T]he Court

of Federal Claims does not have jurisdiction over a case that could be heard by the MSPB.").

Count 3 alleges entitlement to repayment of Ms. Garner's healthcare premiums. To establish jurisdiction in the Claims Court, a plaintiff must identify a money-mandating source of law for the asserted claims, that is, a "source of law that 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Dinh v. United States*, 145 F.4th 1316, 1322 (Fed. Cir. 2025) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). We agree with the Claims Court that the sources of law identified in Ms. Garner's amended complaint— 5 U.S.C. §§ 5596 (authorizing "[b]ack pay due to unjustified personnel action"), 8342(a) (addressing entitlement to "[l]ump-sum benefits" due to separation from service or transfer) and 13 U.S.C. § 23(b) (allowing the Secretary of Commerce to establish temporary positions for "[a]dditional officers and employees")—are not sources of law that compel the government to refund the healthcare premiums. The Claims Court correctly determined that it lacked jurisdiction over Count 3.

Count 4 alleges entitlement to compensation for an injury Ms. Garner alleges she incurred while working, relying on the Federal Employment Compensation Act, 5 U.S.C. §§ 8103, 8105. However, Congress vested the power to "decide all questions" related to this statutory scheme in the Secretary of Labor, 5 U.S.C. § 8145, and foreclosed judicial review of the Secretary's decisions, 5 U.S.C. § 8128(b). Therefore, this statute cannot provide a basis for the Claims Court's jurisdiction, and the Claims Court properly concluded that it lacked jurisdiction over Count 4.

## II. THE CONTRACT CLAIMS

Ms. Garner also alleged claims arising from alleged breaches of the settlement agreements, specifically that

"Defendant is in breach of settlement contract" because her former employers improperly modified her employment record and provided negative references and employment documents to others, including OPM, contrary to the terms of the settlement agreements. S. App'x 51–52, 54–57.[1] The interpretation of a contract is a question of law that we review de novo. *Turping*, 913 F.3d at 1064.

First, the amended complaint alleges that the government breached the settlement agreements' provisions requiring the agencies to provide neutral references to "prospective employers." S. App'x 24–25, 34. The Claims Court correctly concluded that the allegations do not correspond with the actual language of the settlement agreements. The settlement agreements provide that Ms. Garner will direct prospective employers to particular contacts at the agencies, who will then provide only neutral references. The amended complaint does not allege that Ms. Garner directed any employer to the specified contacts, or that upon doing so, any employer received a nonneutral reference. It also does not allege that any *prospective* employers were provided with a nonneutral reference. Therefore, even with all factual allegations made in the complaint assumed to be true, Ms. Garner has not stated a claim for breach of contract that would entitle her to damages under this theory.

Next, Ms. Garner asserts the Claims Court improperly dismissed her amended complaint insofar as it alleged that Commerce and Labor did not comply with the settlement agreements' requirements to modify Ms. Garner's personnel file as agreed. However, Ms. Garner does not identify any provision in the Commerce settlement agreement that this alleged conduct breached. While she identifies a provision of the Labor settlement agreement

---

[1] Citations to "S. App'x" refer to the Supplemental Appendix filed by the government. Dkt. No. 21.

requiring that agency to correct her separation documents, she does not allege any monetary damages associated with that alleged breach.

To the extent that Ms. Garner is asserting a claim purely for injunctive relief, the Claims Court lacks jurisdiction over a claim for injunctive relief that is not "incident of or collateral to" a money judgment. *See* 28 U.S.C. § 1491(a)(2). The Claims Court therefore did not err in concluding that Ms. Garner's amended complaint failed to sufficiently state a contract claim that entitled her to relief.

We have considered Ms. Garner's remaining arguments and find them unpersuasive.

## AFFIRMED

### COSTS

No costs.